USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/19/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

CARLA ROMITA and ALLISON A. HEANEY
as TRUSTEES of the NEW YORK OIL HEATING
INSURANCE FUND,

                              Plaintiffs,

                              -against-

ANCHOR TANK LINES, LLC, and TANK
ACQUISITION COMPANY, LLC, and
LEONARD BALDARI and MICHAEL
DAVID HILLER,

                              Defendants.

------------------------------------------------------------------x

CIVIL ACTION NO.
11 CV 9641 (VEC) (DCF)
ECF CASE

<u>CONSENT</u> <u>DECREE</u>

      Plaintiffs, Carla Romita and Allison A. Heaney, as Trustees of the New York Oil Heating Insurance Fund ("Insurance Fund") brought this action pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs appeared by and through their attorneys, Jeffrey S. Dubin, P.C.

      Defendant, Michael David Hiller, appearing by and through his attorneys, Moses Ziegelman Richards & Notaro, LLP, agrees to the entry of this Consent Decree.

      NOW, THEREFORE, before the taking of any testimony, and without trial or adjudication, the parties hereto agree and stipulate, and it is hereby ORDERED, ADJUDGED, AND DECREED, as follows:

      I. Jurisdiction

      A. The Court has jurisdiction over the subject matter of the claims set forth in this Agreement and over the parties to this Agreement pursuant to, among other authorities, 28 U.S.C § 1331, and 29 U.S.C. § 1132. This Court has personal jurisdiction over defendant, Michael David Hiller. Defendant, Michael David Hiller, waives all objections and defenses that they may have to the jurisdiction of this Court.

      B. Defendant, Michael David Hiller, further agrees that this Court shall retain jurisdiction of this action for the purpose of implementing and enforcing the terms and conditions of the Consent Decree and for all other purposes.

II. The Parties

A. Plaintiffs are and were an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).  This is an action by the Plaintiffs to remedy the breaches of fiduciary obligations and the prohibited transactions of the Individual Defendants, Leonard Baldari and Michael David Hiller. This action was commenced by the Plaintiffs, Insurance Fund, to recover delinquent ERISA contributions.  The Insurance Fund alleges that the monies are owed pursuant to a Collective Bargaining Agreement; Trust Agreement, and E.R.I.S.A., 29 U.S.C. § 1001 *et seq*.

B. Defendant, Leonard Baldari was the principal owner of  Anchor Tank Lines Corp.,  and Reliable Transit Corp., which were closely held entities. Defendant, Michael David Hiller, did not own stock or equity in Anchor or Reliable but was an employee of Anchor and Reliable.  Defendants' corporations, Anchor and Reliable, entered into contracts, which provided for contributions by Anchor and Reliable, to the Teamsters Local Union No. 553 for certain hours worked by participants employed by Anchor and Reliable. The Plaintiff, Insurance Fund, is a third party beneficiary of said contract.

Pursuant to said contract, Anchor and Reliable were required to make contributions to plaintiffs for the period of August 1, 2007 through November 30, 2009.

Defendants, Leonard Baldari and Michael David Hiller, failed to pay to the Plaintiff, Insurance Fund, the contributions owed to the Insurance Fund by their companies, Anchor Tank Lines Corp., and Reliable Transit Corp.

During the time that Anchor Tank Lines Corp.,  and Reliable Transit Corp., were operating, Leonard Baldari and Michael David Hiller exercised control over the activities and operations of the two companies.  By failing to make the required contributions to the Insurance Fund, Leonard Baldari and Michael David Hiller exercised "authority or control respecting management or disposition" over certain assets of the Fund, within the meaning of 29 U.S.C. § 1002(21)(A).

By exercising control over assets belonging to the Insurance Fund, Leonard Baldari and Michael David Hiller  became fiduciaries with respect to said assets of the Insurance Fund within the meaning of 29 U.S.C. § 1002(21)(A).

On July 12, 2007, Leonard Baldari and Michael David Hiller, were indicted in the U.S. District Court for the Eastern District of New York on charges that they used their companies for a scheme to embezzle interstate shipments of oil productions. *United States v. Leonard Baldari*, CR07-0568, ECF 1 (E.D.N.Y. July 12, 2007).

On July 24, 2008, Leonard Baldari and Michael David Hiller both pled guilty, and by a Consent Order of Forfeiture, agreed to a money forfeiture judgment.

On April 29, 2011, Plaintiff, Insurance Fund, was awarded a judgment against Anchor Tank Lines Corp., and Reliable Transit Corp., in the amount of $503,953.89 in the case of *Carla Romita v. Anchor Tank Lines Corp. and Reliable Transit Corp.*, 09 CV 9997(DLC). That judgment has not been satisfied.

On March 12, 2021, this Court granted Plaintiff's Motion for a Default Judgment against defendant, Leonard Baldari, in the amount of $503,953.89, plus interest.

The United States Attorney for the Eastern District of New York, and or the United States Treasury Department, is currently holding approximately one million dollars, plus accrued interest,  they received from the sale of Anchor Tank Lines Corp.,

in a forfeiture account. Plaintiff, Insurance Fund, intends to file a claim for that money at the appropriate time.

### III. Effect of Entry of Decree

Upon approval and entry of this Agreement by this Court, this Agreement and Consent Decree constitutes final judgments between the Plaintiffs, on the one hand, and Defendant, Michael David Hiller, on the other hand, in accordance with its terms.

### IV. Judgment Terms

It is ORDERED, ADJUDGED AND DECREED that Defendant, Michael David Hiller, failed to pay Plaintiff, Insurance Fund, contributions for the time period of August 1, 2007 through November 30, 2009 on behalf of Anchor Tank Lines Corp., and Reliable Transit Corp.  The delinquent contributions, interest, liquidated damages, pre litigation liquidated damages (late fees), attorneys' fees and costs due for this time period of amount to $503,953.89 as of April 29, 2011.  Defendant, Michael David Hiller, is indebted to Plaintiff, Insurance Fund, in the amount of $503,953.89, plus statutory interest, until paid in full.

It is further ORDERED, ADJUDGED AND DECREED that said judgment shall be entered as final judgment against Defendant, Michael David Hiller, and the Clerk of the Court will be directed to enter such judgments forthwith.

### V. Dismissal of Action

Not later than 15 days after Final Approval, each of the claims asserted in this action by Plaintiffs against Defendant, Michael David Hiller, shall be dismissed with prejudice. Defendant, Michael David Hiller, and Plaintiffs shall enter into and execute all Stipulations of Dismissal, with prejudice, necessary to implement the provisions of this paragraph.

### VI. Reservations of Rights

A. Except as expressly stated in this Agreement, nothing in this Agreement is intended to affect legally the claims, if any, of any person or entity not a Party to this Agreement.

B. Nothing in this Agreement creates, nor shall it be construed as creating, any claim in favor of any person not a Party to this Agreement.

C. Except as explicitly stated herein, nothing in this Agreement alters, amends, modifies, or, in any way, affects the legal rights and duties of the Plaintiffs, on the one hand, and Defendant, Michael David Hiller, on the other hand, under other agreements.

VII. Election to Terminate

Any Party may elect to terminate this Agreement if: (a) a final judicial determination is made by any court of competent jurisdiction that this Agreement will not be approved and entered without modification; or (b) such court modifies this Agreement in a manner materially adverse to that Party prior to or contemporaneously with a final judicial determination approving this Agreement as modified. A party electing to terminate this Agreement pursuant to this paragraph must do so within 10 days after an event specified in the preceding sentence, and shall immediately notify the other Parties of such election in writing by hand delivery, facsimile, or overnight mail. Termination of this Agreement by one Party shall effect termination as to all Parties. For purposes of this paragraph, "termination" and "terminate" shall mean the cessation, as of the date of notice of such termination, of any and all rights, obligations, releases, covenants, and indemnities under this Agreement.

VIII. Entry of Final Judgment

This Court finds that this Agreement is fundamentally fair, just and reasonable and directs that this consent decree be entered as final judgments with respect to all claims against Defendant, Michael David Hiller, in the pending action between the parties in the United States District Court for the Southern District of New York, Civil Action Number 11 CV 9641 (VEC) (DCF).

IX. Miscellaneous

A. This Agreement can be modified only with the express written consent of the Parties to the Agreement and the approval of the Court.

B. Each undersigned representative of a Party to this Agreement certifies that he is fully authorized to enter into the terms and conditions of this Agreement and to execute and legally bind such Party to this Agreement.

IT IS FURTHER ORDERED that in the absence of termination pursuant to Section VII above, this Consent Decree shall terminate twenty (20) years from the date it is issued.

The case against Defendant Hiller is hereby DISMISSED WITH PREJUDICE.

The Clerk of Court is respectfully directed to terminate Defendant Hiller.  The Clerk is further directed to terminate all open motions and close this case.

SO ORDERED.

*Valerie Caproni* (signature)   Date: March 19, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Presented By:

PLAINTIFFS:
Jeffrey S. Dubin, P.C.        Dated: March 19, 2021
Attorneys for Plaintiffs
By: /s/ Jeffrey S. Dubin

DEFENDANTS:
Moses Ziegelman Richards & Notaro, LLP     Dated: March 19, 2021
Attorneys for Defendant Michael David Hiller
By: /s/ Adam Richards